UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFF SINGER

              Plaintiff,

        -against-

GARY LOGSDON, TYLER THOMPSON and
KURT MAIER,

              Defendants.

Civil Action No.: _____

**'07 CIV 11087**

**BRIEANT**

**DEFENDANTS' JOINT
NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE,** that defendants Kurt Maier, Gary Logsdon and Tyler Thompson, by and through their undersigned counsel, hereby respectfully submit this notice pursuant to 28 U.S.C. § 1446, to remove this action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, and in support of this application represent the following:

## A.    BACKGROUND

1.    On November 7, 2007, Plaintiff, Jeff Singer ("Plaintiff"), commenced by filing the above-entitled action in the Supreme Court of the State of New York, County of Westchester, Index No. 07-23099 (hereinafter "State Action").

2.    On or about November 8, 2007, Plaintiff served defendant Gary Logsdon ("Logsdon") with a Summons and Verified Complaint in the State Action (hereinafter "Summons and Complaint"). Copies of the Summons and Complaint are attached as Exhibit A.

3.    On or about November 12, 2007, Plaintiff served defendant Tyler Thompson ("Thompson") with the Summons and Complaint.

4.    On or about November 19, 2007, Plaintiff served defendant Kurt Maier

("Maier") with the Summons and Complaint.

       5.     Upon information and belief, no other process, pleadings, orders or other papers regarding this matter have been filed in the State Action.

       6.     The State Action is civil in nature and involves a claim by Plaintiff to recover damages in relation to the purchase, sale and ownership of a thoroughbred horse named Teuflesberg.  The State Action was brought pursuant to New York State common law and equitable theories, including fraud, breach of fiduciary duty, rescission, conversion, specific performance and breach of contract. *See,* Exhibit A.

## B.    DIVERSITY JURISDICTION

       7.     The grounds for removal are that this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a).  This action involves citizens of different States and there is complete diversity among all parties.

       8.     Upon information and belief and according to the Summons and Complaint, Plaintiff Jeff Singer is a citizen and resident of the State of New York with an address of 800 Westchester Avenue, Rye Brook, New York 10573. *See,* Exhibit A.

       9.     Defendant Maier is a citizen and resident of the Commonwealth of Kentucky with an address of 1343 Sheffield Court, Bowling Green, Kentucky  42103.

       10.    Defendant Logsdon is a citizen and resident of the Commonwealth of Kentucky with an address of 100 Wickliffe Lane, Bowling Green, Kentucky  42103.

       11.    Defendant Thompson is a citizen and resident of the Commonwealth of Kentucky with an address of 13800 Lake Point Circle, Louisville, Kentucky  40223.

       12.    There is complete diversity of citizenship between the parties because no defendant is a citizen of the State of New York.

13.     In addition, the amount in controversy in this action, exclusive of interest and costs, is at least three million dollars ($3,000,000), which is in excess of the jurisdictional threshold of seventy five thousand dollars ($75,000.00). *See,* Exhibit A.

14.     Accordingly, the State Action is removable to this Court pursuant to 28 U.S.C. §1441(a), as this Court has original jurisdiction pursuant to 28 U.S.C. 1332(a). The diversity of citizenship and amount in controversy requirements of the latter section have been met.

## C.     PROCEDURAL REQUIREMENTS

15.     This action has been timely removed within thirty days after the receipt, through service or otherwise, "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b). Removal is also timely because this Joint Notice of Removal is filed not more than one year after the action was commenced in the state court.

16.     Pursuant to 28 U.S.C. §§ 1441 and 1446, removal to this Court is proper because this is the federal district embracing the state court where Plaintiff commenced this action.

17.     Removal is proper under 28 U.S.C. § 1446(b) because all defendants have joined in this Joint Notice of Removal.

18.     A true and correct copy of Defendants' Joint Notice of Removal is being filed contemporaneously with the Supreme Court of the State of New York, County of Westchester and served on counsel for Plaintiff.

19.     Defendants reserve the right to amend or supplement Defendants' Joint Notice of Removal.

**WHEREFORE,** Defendants respectfully submit this application for the removal of this action now pending in the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York.

Dated:  December 7, 2007

Respectfully submitted,

DEWEY & LEBOEUF  LLP

By: _____

Robert J. Alessi, Esq. (RA4268)
*Attorneys for Defendants Kurt Maier,*
*Tyler Thompson and Gary Logsdon*
99 Washington Avenue, Suite 2020
Albany, New York  12210-2820
Phone  (518) 626-9000
Fax:    (518) 626-9010

TO:    CLERK
       UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
       300 Quarropas Street
       White Plains, NY 10601-4150

CC:    LAW OFFICES OF WILLIAM HART
       William Hart, Esq.
       Attorneys for Plaintiff,
        Jeff Singer
       700 White Plains Road
       Scarsdale, New York 10583
       Phone: (914) 472-7280

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - -x    Index No. 07-23099

JEFF SINGER,                                        ~~FILED~~ Date Purchased:

                        Plaintiff,         NOV - 7 2007    Plaintiff designates
                                                           Westchester County as
                                        TIMOTHY C. IDONI    the place of trial.
                                         COUNTY CLERK
        -against-                    COUNTY OF WESTCHESTER  Basis of venue is
                                                  :        Plaintiff's Residence.

GARY LOGSDON, TYLER THOMPSON and          :        SUMMONS
KURT MAIER,
                                          :        Plaintiff resides at
                        Defendants.       :        Armonk, New York
                                          :        County of Westchester.
- - - - - - - - - - - - - - - - - - - -x

To the above named Defendants:

        You are hereby summoned to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint
is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorneys within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days
after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

Dated: November 7, 2007

                                Law Offices of William Hart
                                Attorneys for Plaintiff
                                Office and Post Office Address
                                700 White Plains Road
                                Scarsdale, New York 10583
                                Telephone: (914) 472-7280

Defendants' addresses:

Gary Logsdon
P. O. Box 382
Brownsville, Kentucky 42210 and
5461 Rt. 42
East Summerfield, Florida 34491.

Tyler Thompson
13800 Lake Point Circle
Louisville, Kentucky 40223.

Kurt Maier
2804 Pindell Avenue
Louisville, Kentucky 40217.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - -x
JEFF SINGER,                          :

                    Plaintiff,        :    Index No. 07-23099

        -against-                     :
                                      :    VERIFIED COMPLAINT
GARY LOGSDON, TYLER THOMPSON and      :
KURT MAIER,                           :

                    Defendants.       :
- - - - - - - - - - - - - - - - - - - -x

        Plaintiff Jeff Singer ("Singer"), by its undersigned

attorneys, as and for its Complaint against defendants Gary

Logsdon ("Logsdon"), Tyler Thompson ("Thompson") and Kurt Maier

("Maier"), alleges as follows:

    1.   Singer is an individual whose address is 800

Westchester Avenue, Rye Brook, New York 10573, in the County of

Westchester.

    2.   Logsdon is an individual with addresses at P. O. Box

382, Brownsville, Kentucky 42210, and at 5461 Rt. 42, East

Summerfield, Florida 34491.

    3.   Thompson is an individual whose address is 13800 Lake

Point Circle, Louisville, Kentucky 40223.

    4.   Maier is an individual whose address is 2804 Pindell

Avenue, Louisville, Kentucky 40217.

    5.   Singer, Logsdon and, upon information and belief,

Thompson and Maier, are in the business, among other things, of

owning and racing thoroughbred horses.

    6.   Upon information and belief, Logsdon, Thompson and

Maier have owned and/or still own thoroughbred horses that are

trained and raced in New York State.

- 1 -

7.   Upon information and belief, Logsdon is licensed by the New York Racing Association.

8.   This lawsuit involves a thoroughbred horse named Teuflesberg.

9.   On several occasions, Logsdon and, upon information and belief, Thompson and Maier, raced Teuflesberg, as well as other thoroughbred horses they owned, in the State of New York and, on occasion, received money by reason of the successes that Teuflesberg and the other thoroughbred horses had in such races.

10.   On or about May 1, 2007, Singer, Logsdon, Jamie Sanders ("Sanders") and Donnie Kelly ("Kelly") entered into a Purchase, Sale and Co-ownership Agreement ("the Purchase Agreement"), pursuant to which, subject to the terms and conditions thereof, Singer purchased a twenty-five percent (25%) ownership interest in Teuflesberg.

11.   By reason of entering into the Purchase Agreement, Singer, Logsdon, Sanders and Kelly became partners in the ownership of Teuflesberg and from that time forward owed to one another the fiduciary obligations owed by one partner to another.

12.   Singer, Logsdon, Sanders and Kelly intended to, and in fact did, race Teuflesberg in, among other places, New York State and received money by reason of the success that Teuflesberg had in such races.

13.   Logsdon, in the Purchase Agreement, represented, warranted and covenanted that, prior to his selling a portion of his ownership interest in Teuflesberg to Singer, he owned seventy-five percent (75%) of Teuflesberg.

14. Upon information and belief, prior to the time Logsdon entered into the Purchase Agreement, he had sold sixteen percent (16%) of the ownership interest in Teuflesberg to Thompson.

15. Upon information and belief, prior to the time Logsdon entered into the Purchase Agreement, he had sold four percent (4%) of the ownership interest in Teuflesberg to Maier.

16. Upon information and belief, at the time Logsdon entered into the Purchase Agreement, he owned only fifty-five percent (55%) of Teuflesberg and Thompson and Maier were both co-owners of Teuflesberg.

17. At no time did Logsdon disclose to Singer or, upon information and belief, to Sanders or Kelly, that Logsdon had sold to Thompson and Maier part of his ownership interest in Teuflesberg and had made Thompson and Maier co-owners of Teuflesberg.

18. At no time did Thompson disclose to Singer or, upon information and belief, to Sanders or Kelly, that Logsdon had sold to Thompson and Maier part of his ownership interest in Teuflesberg and had made Thompson and Maier co-owners of Teuflesberg.

19. At no time did Maier disclose to Singer or, upon information and belief, to Sanders or Kelly, that Logsdon had sold to Thompson and Maier part of his ownership interest in Teuflesberg and had made Thompson and Maier co-owners of Teuflesberg.

20. Upon information and belief, neither Logsdon nor Thompson nor Maier ever caused Thompson and Maier, or either of

- 3 -

them, to be listed as owners of Teuflesberg with any racing organization.

21. Singer's reliance upon Logsdon's representations and warranties regarding ownership of Teuflesberg was reasonable in all the circumstances, and in reliance thereon, Singer performed his obligations under the Purchase Agreement, including, among other things, wiring from his account in New York to Logsdon's account in Kentucky the sum of $480,000.

22. If Singer had known about the ownership interests of Thompson and Maier, he would not have agreed to purchase an ownership interest in Teuflesberg and would not have paid the purchase price as set forth in the Purchase Agreement.

23. After Singer purchased his interest in Teuflesberg, he paid his share of the bills for training and stabling Teuflesberg, entry fees for races in which Teuflesberg was entered, and other expenses related to the maintenance of Teuflesberg.

24. After Singer purchased his interest in Teuflesberg, Logsdon received money by reason of Teuflesberg's success in races in which it was entered, but Logsdon neither paid Singer his share of such money nor accounted to Singer with respect to such money.

25. On or about September 6, 2007, Logsdon and Singer entered into a Purchase and Sale Agreement ("the Sale Agreement"), pursuant to which, subject to the terms and conditions thereof, Logsdon agreed to purchase Singer's twenty-five percent (25%) ownership of Teuflesberg for the sum of $700,000.

- 4 -

26. When he entered into the Sale Agreement, Singer was still unaware of the ownership interests of Thompson and Maier.

27. Logsdon has breached the terms of the Sale Agreement and has failed to comply with the provisions thereof.

28. Upon information and belief, Logsdon, when he entered into the Sale Agreement, did not intend to perform the obligations he undertook thereunder.

29. Upon information and belief, Logsdon, when he entered into the Sale Agreement, did not have enough money to make the payment to Singer that he agreed to make.

30. Upon information and belief, Logsdon, on or about November 1, 2007, without the knowledge or consent of Singer, Sanders and Kelly, caused Teuflesberg to be entered in a January 2008 sale by Keeneland Association, Inc. in Lexington, Kentucky and intended to ship Teuflesberg to the premises of Keeneland Association, Inc. to be sold.

31. Logsdon knew, or should have known, that shipping Teuflesberg to the premises of Keeneland Association, Inc. for the January 2008 sale would be contrary to the recommendation of the veterinarian who is caring for Teuflesberg and would endanger the health and perhaps the life of Teuflesberg and would result in the cancellation of the insurance that currently covers Teuflesberg.

32. Upon information and belief, Logsdon caused the entry form by which he entered Teuflesberg in the January 2008 sale by Keeneland Association, Inc. to list as "Owner of Record" only himself and "D. Kelly."

- 5 -

33. Upon information and belief, Logsdon placed Donnie Kelly's name on the Keeneland Association, Inc. entry form without Kelly's prior knowledge or consent.

34. Upon information and belief, Logsdon caused Donnie Kelly's name to be placed on the Keeneland Association, Inc. entry form without Kelly's prior knowledge or consent.

35. Upon information and belief, Logsdon has been unwilling to consent to a private sale of Teuflesberg, even though Teuflesberg's value is diminishing with each passing day.

### FIRST CAUSE OF ACTION
### AGAINST LOGSDON, THOMPSON
### AND MAIER FOR FRAUD

36. Singer repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if they were fully set forth herein.

37. By reason of the knowing and deliberate misrepresentations and failures to disclose Logsdon's transfer of ownership interests in Teuflesberg to Thompson and Maier, Singer was damaged in the amount of at least $600,000 plus the amounts he paid for training and stabling Teuflesberg, for entry fees for races in which Teuflesberg was entered, and for other expenses related to the maintenance of Teuflesberg, together with interest thereon, and is entitled to punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer.

- 6 -

SECOND CAUSE OF ACTION
AGAINST LOGSDON FOR
BREACH OF FIDUCIARY DUTY

38.  Singer repeats and realleges the allegations contained
in the preceding paragraphs of this Complaint as if they were
fully set forth herein.

39.  By engaging in the conduct described above, Logsdon
acted disloyally, in his own self-interest and against the
interest of his partner Singer, and he breached his fiduciary
duty to his partner Singer.

40.  By reason of the foregoing, Singer is entitled to
recover from Logsdon damages in an amount to be determined at
trial, but not less than $1,000,000, together with interest
thereon, and punitive damages in an amount equal to at least five
times the amount of the compensatory damages awarded to Singer.

THIRD CAUSE OF ACTION
AGAINST LOGSDON FOR
RESCISSION OF PURCHASE AGREEMENT

41.  Singer repeats and realleges the allegations contained
in the preceding paragraphs of this Complaint as if they were
fully set forth herein.

42.  By virtue of Logsdon's material misrepresentations
regarding ownership of Teuflesberg and his breach of the
representations and warranties contained in the Purchase
Agreement, Singer is entitled to a declaration that the Purchase
Agreement is rescinded and is void ab initio, and Singer is
entitled to recover from Logsdon the entire amount he paid
pursuant to the Purchase Agreement, together with interest

thereon, and punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer.

### FOURTH CAUSE OF ACTION
### AGAINST LOGSDON FOR
### CONVERSION

43.  Singer repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if they were fully set forth herein.

44.  Logsdon, by keeping the money that he received as a result of Teuflesberg's success in races in which it was entered after the date of the Purchase Agreement and neither paying Singer his share of such money nor accounting to Singer with respect to such money, Logsdon converted money belonging to Singer.

45.  By reason of the foregoing, Singer is entitled to recover from Logsdon twenty-five percent (25%) of the money that Logsdon received as a result of Teuflesberg's successes in races in which it was entered after the date of the Purchase Agreement, together with interest thereon, and punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer.

### FIFTH CAUSE OF ACTION
### AGAINST LOGSDON FOR
### SPECIFIC PERFORMANCE OF THE SALE AGREEMENT

46.  Singer repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if they were fully set forth herein.

- 8 -

47. Singer has performed and is ready, willing and able to perform all of the conditions of the Sale Agreement that he is obligated to perform.

48. By reason of the foregoing, Singer is entitled to a judgment requiring Logsdon to perform the obligations he undertook pursuant to the Sale Agreement and specifically to pay Singer the sum of $700,000 for Singer's ownership interest in Teuflesberg, together with interest thereon.

SIXTH CAUSE OF ACTION
AGAINST LOGSDON FOR
BREACH OF THE SALE AGREEMENT

49. Singer repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if they were fully set forth herein.

50. By reason of Logsdon's failure to perform the obligations he undertook pursuant to the Sale Agreement and specifically to pay Singer the sum of $700,000 for Singer's ownership interest in Teuflesberg, Singer is entitled to judgment for Logsdon's breach of contract in the amount of $700,000, together with interest thereon.

WHEREFORE, Singer demands judgment as follows:

(a) on its First Cause of Action against Logsdon, Thompson and Maier, in an amount to be determined at trial, but not less than $600,000 plus the amounts Singer paid for training and stabling Teuflesberg, for entry fees for races in which Teuflesberg was entered, and for other expenses related to the maintenance of Teuflesberg, together with interest thereon, and

- 9 -

punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer;

(b) on its Second Cause of Action against Logsdon, in an amount to be determined at trial, but not less than $1,000,000, together with interest thereon, and punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer;

(c) on its Third Cause of Action against Logsdon, declaring that the Purchase Agreement is rescinded and is void ab initio, and awarding Singer the entire amount that Singer paid pursuant to the Purchase Agreement, together with interest thereon, and punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer;

(d) on its Fourth Cause of Action against Logsdon, in an amount equal to twenty-five percent (25%) of the money that Logsdon received by reason of Teuflesberg's success in races in which it was entered after the date of the Purchase Agreement, together with interest thereon, and punitive damages in an amount equal to at least five times the amount of the compensatory damages awarded to Singer;

(e) on its Fifth Cause of Action against Logsdon, requiring Logsdon to perform the obligations he undertook pursuant to the Sale Agreement and specifically to pay Singer the sum of $700,000 for Singer's ownership interest in Teuflesberg, together with interest thereon;

(f) on its Sixth Cause of Action against Logsdon, in the amount of $700,000, together with interest thereon; and

- 10 -

(g) granting such other and further relief as to the Court may seem just and proper, together with interest and the costs and disbursements of this action.

Dated: November 7, 2007

LAW OFFICES OF WILLIAM HART

By: _William Hart_

William Hart
700 White Plains Road
Scarsdale, New York 10583
Telephone: (914) 472-7280
Attorneys for Plaintiff

- 11 -

## VERIFICATION

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF WESTCHESTER)

    JEFF SINGER, being duly sworn, says:

    I am the plaintiff in this action. I have read the foregoing Complaint and know the contents thereof, and the same are true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matter, I believe them to be true.

Jeff Singer

Sworn to before me
on November 7, 2007

Notary Public

STEVEN D. ROTH
Notary Public, State of New York
No. 02RO6061266
Qualified in West County
Term Expires June 03, 1966
2010